UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANYL W. BARBOUR,<br><br>   Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 3:15-cv-00380-HDM-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF Nos. 29, 29-1 to 29-6.) Defendant Commissioner filed a statement of non-opposition to the motion. (ECF No. 30.)

**I. BACKGROUND**

Plaintiff filed a complaint for review of the final decision of the Social Security Commissioner in 2015. On December 23, 2015, Plaintiff filed a motion for reversal and/or remand. (ECF No. 11.) The Commissioner filed a response (ECF No. 16) and cross-motion to affirm (ECF No. 18.) On July 29, 2016, the undersigned issued a report and recommendation that the motion for remand be granted; that the Commissioner's cross-motion to affirm be denied; and, that the matter be remanded to the ALJ for further proceedings. (ECF No. 20.) The Commissioner filed an objection (ECF No. 21), and Plaintiff filed a response to the objection (ECF No. 22). On December 20, 2016, District Judge Howard D. McKibben entered an order adopting and accepting the report and recommendation. (ECF No. 23.) This motion for attorney's fees was filed on July 31, 2018. (ECF No. 29.)

Plaintiff's counsel, Marc V. Kalagian, petitions the court for an order of attorney's fees in the amount of $15,000 pursuant to 42 U.S.C. § 406(b), with a credit to Plaintiff for the $2,950 in fees previously paid pursuant to the Equal Access to Justice Act (EAJA) (therefore, he seeks an order to reimburse Plaintiff in the amount of $2,950).

## II. DISCUSSION

The court may award fees under 42 U.S.C. § 406(b)(1) when it "renders a judgment favorable to a claimant … who was represented before the court by an attorney … not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" "[A]n award under § 406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215-20 (9th Cir. 2012). The claimant has the burden of producing "satisfactory evidence" in addition to his or her attorney's own affidavits, that the requested rates comport with "'those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *See Widrig v. Apfel*, 140 F.3d 1207, 1209-10 (9th Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Unlike a "fee-shifting" statute, which requires the losing party to pay the prevailing party's attorney's fees, § 406(b)(1) deals with the amount a prevailing party must pay his attorney. *See Widrig*, 140 F.3d at 1210-11. "The fee is payable 'out of, and not in addition to, the amount of [the] past-due benefits.'" *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)).

In conducting the fee analysis, the court should begin with the contingent fee agreement, and then test it for reasonableness. *Gisbrecht*, 535 U.S. at 808. *Gisbrecht* rejected the approach taken by many circuits, including the Ninth Circuit, that used the Lodestar method to determine the reasonableness of the fee. *See Crawford v. Astrue,* 586 F.3d 1142, 1148 (9th Cir. 2009).

Therefore, the court must first determine whether the contingency fee agreement is within the statutory twenty-five percent cap, and then must look at reasonableness of the fee. *Gisbrecht,* 535 U.S. at 800, 808; *Crawford,* 586 F.3d at 1149. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard

representation or delayed the case, or if the requested fee would result in a windfall." *Crawford,* 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

In *Crawford*, the Ninth Circuit recognized that *Gisbrecht* did not provide a "definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed." *Crawford*, 586 F.3d at 1151. As a result, *Crawford* set forth factors that district courts should consider in determining the reasonableness of the fee, including: (1) the character of the representation (whether there was substandard performance), (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *See id.* at 1151-52. "'[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement,' but 'not as a basis for satellite litigation,' the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases." *Id.* at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* (citing *Gisbrecht*, 535 U.S. at 807).

Here, the terms of the contingency agreement between Plaintiff and his attorney is within the statutory limits of section 406(b). The agreement provides for counsel to receive twenty-five percent of past due benefits if Plaintiff is successful. (ECF No. 29-2.)

The court also finds that the requested fees are reasonable. There is no indication the attorneys were ineffective or dilatory, and they achieved a favorable result for Plaintiff. The amount requested is not out of proportion with the work performed, and the fees are not so large in comparison to the amount of time counsel spent that a reduction in fees is justified. 18.8 hours were spent on this case, and with a request for $15,000, this makes the effective hourly rate of $797.87. *Crawford* approved a request for fees with effective hourly rates of $659, $813, and $875; *see also Hearn v. Barnhart,* 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (noting that "[s]ince *Gisbrecht* … district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency-fee arrangements" because "courts recognize that basing a reasonableness

determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").

Finally, attorneys representing Social Security claimants assume a significant risk in accepting these cases "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Crawford*, 586 F.3d at 1152.

Therefore, after applying the factors discussed above, the court finds that counsel has demonstrated a twenty-five percent fee is reasonable for this case, and the motion for $15,000 in fees under 42 U.S.C. § 406(b) should be granted, with an order that the Plaintiff be reimbursed the $2,950 paid under the EAJA.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** the motion for attorney's fees, and awarding fees in the amount of $15,000 pursuant to 42 U.S.C. § 406(b), and order that Plaintiff's counsel reimburse Plaintiff $2,950 paid pursuant to the EAJA.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: October 2, 2018

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE